**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Haddonfield-Berlin Rd.
Cherry Hill, NJ 08003
(856) 795-2181
*Attorneys for Plaintiffs*
By:   Mark E. Belland, Esquire
       Steven J. Bushinsky, Esquire

| | |
|---|---|
| **IBEW LOCAL UNION 351 WELFARE FUND, and DANIEL COSNER and JOSEPH KNECHT, JR., as Trustees and Fiduciaries of IBEW LOCAL UNION 351 WELFARE FUND,** 815 East Gate Drive, Suite 103 Mount Laurel, New Jersey 08054 | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY *Civil Action No.* |
| *Plaintiffs,* *vs.* | |
| **EISENBERG, ROTHWEILER, WINKLER, EISENBERG & JECK and BRIAN HALL Esq. and JOHN HOGAN** | **COMPLAINT** |
| *Defendants.* | |

Plaintiffs, IBEW Local Union 351 Welfare Fund ("Fund") and its Trustees (collectively Plaintiffs), by their attorneys for the complaint against Defendants; state and allege:

## ACTION

1.     The Fund is governed by the Employee Retirement Income Security Act of 1977 ("ERISA"), 29 U.S.C. § 1001 *et. seq.*, as amended. Plaintiffs seeks Declaratory Relief pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(7) and the Declaratory Judgment Act, 28 U.S.C. § 2201 for equitable relief enforcing the terms, and preserving the assets, of the Fund's subrogation and reimbursement rights under the governing plan documents by imposing an equitable lien by agreement or a constructive trust on settlement funds currently held or to be received by Defendants from a third party pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

## JURISDICTION AND VENUE

2.     The jurisdiction of this court is invoked pursuant to Sections 502 of the Employee Retirement Income Security Act of 1974, (hereinafter referred to as "ERISA"), 29 U.S.C. §1132 and 29 U.S.C. §1331; and the common law of ERISA. Jurisdiction is also appropriate under 28 U.S.C. § 2201, *et. seq.*, as there is an "actual controversy" to declare the parties' respective rights and obligations under the terms of the Fund.

3.     This court is one of proper venue pursuant to Section 502(e) of ERISA, 29 U.S.C. §1132(e), because the Plaintiff Fund is administered in the State

of New Jersey and upon information and belief where Defendant Hogan resides or may be found, and where some or all of the funds at issue may be held.

## PARTIES

4.     Plaintiff(s), IBEW Local 351 Health & Welfare Fund, (hereinafter referred to as the "Fund" or the "Plan") and Dan Cosner and Joseph Knecht, Jr., as Trustees and Fiduciaries of the Fund, is an "Employee Welfare Benefit Plan" as defined in Section 3(1) of ERISA, 29 U.S.C. §1002(1), for the purpose of providing health and medical benefits and other insurance benefits to eligible participants.

5.     The Fund is a multiemployer employee welfare benefit plan governed under the provisions of ERISA, §§ 3(2), 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002, 1002(37) and 1301(a)(3).  The Fund is established and maintained pursuant to Section 302(c)(5) of the Labor-Management Relations Act of 1947, 29 U.S.C. §186(c)(5). The Fund is administered under the provisions of ERISA and the provisions of a Restated Agreement and Declaration of Trust ("Trust Agreement").

6.     The Fund is authorized to commence this action and to sue in its own name pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

7.     Dan Cosner is a fiduciary for the Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

8.    Joseph Knecht Jr. is a fiduciary for the Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

9.    Plaintiffs maintain their principal place of business at 830 Bear Tavern Road, West Trenton, New Jersey 08628.

10.    Plaintiffs bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132; Section 301 of LMRA, 29 U.S.C. §185; and the Declaratory Judgment Act, 28 U.S.C. § 2201.

11.    Defendant, John Hogan was an eligible participant of the Plan and entitled to plan benefits for all times applicable to this lawsuit.

12.    Defendant law firm Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck and Defendant Brian Hall Esq. represent Defendant/participant Hogan in connection with legal action(s) relating to injuries Defendant/participant Hogan allegedly suffered.

## FACTS

13.    The Fund provides welfare benefits to eligible members such as Defendant/participant Hogan including medical benefits.

14.    The Fund provides medical coverage to participants such as Defendant/participant Hogan even in the event that a third party caused, or may have caused, the injuries for the Fund extends medical benefit coverage.

15.    On or about December 24, 2015, Defendant Hogan, by and through

Defendants Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck and Brian Hall,

Esq., commenced a civil action in the Court of Common Pleas for Philadelphia

County, against Taine Pechet, M.D., Sara Ann Van Calcar, M.D. and the Clinical

Practices of the University of Pennsylvania (the "UPenn Defendants") for injuries

arising from Defendant Hogan's treatment by the UPenn Defendants. In the event

the plan provides medical coverage for injuries caused by a third party the Plan

contains subrogation and reimbursement provisions explaining the Plan's rights

with respect to actions against such third parties, or recoveries obtained from such

third parties.

16.    The governing plan documents set forth the Fund's rights to subrogation

and reimbursement, under the heading "THIRD PARTY RECOVERY,

SUBROGATION AND REIMBURSEMENT.  The relevant provisions of this

section that demonstrate the Fund's right to reimbursement are as follows:

> 1.b   Participant(s), his or her attorney, and/or legal guardian of a
> minor or incapacitated individual agrees that acceptance of the Plan's
> conditional payment of medical benefits is constructive notice of these
> provisions in their entirety and agrees to maintain one hundred percent
> (100%) of the Plan's conditional payment of benefits or the full extent
> of payment from any one or combination of first and third party
> sources in trust, without disruption except for reimbursement to the
> Plan or the Plan's assignee. By accepting benefits, the Participant(s)
> agrees the Plan shall have an equitable lien on any funds received by
> the Participant(s) and/or their attorney from any source and said funds

shall be held in trust until such time as the obligations under this provision are fully satisfied.

1.c. In the event a Participant(s) settles, recovers, or is reimbursed by any Coverage, the Participant(s) agrees to reimburse the Plan for all benefits paid or that will be paid by the Plan on behalf of the Participant(s). If the Participant(s) fails to reimburse the Plan out of any judgment or settlement received, the Participant(s) will be responsible for any and all expenses (fees and costs) associated with the Plan's attempt to recover such money.

2. Assignment of Rights (Subrogation): The covered person automatically assigns to the Plan any rights the covered person may have to recover monies in connection with an illness, injury, accident, sickness, occurrence, condition or other loss from any third party. These rights of recovery or causes of action against any third party includes, but is not limited to, a claim of any type whatsoever, whether the claim exists or may exist, or the monies are or may be recovered from a third party through a claim, lawsuit, settlement, insurance policy or pool, uninsured or underinsured motorist or other policy or pool, governmental or private right of recovery, Workers Compensation or disability award or order, judgment, no-fault program, or personal injury protection. financial responsibility, medical benefit reimbursement insurance coverage not purchased by the covered person, by compromise, or in any other way from any third party, person, agency, organization or fund of money whether or not the payor caused or is legally responsible or liable for it, and regardless of whether such liability or responsibility is or is not denied or is in dispute.

3. Right to Reimbursement. Equitable Lien, and Constructive Trust: The Plan is granted and the covered person specifically consents to an equitable lien by agreement, or a constructive trust over, and the Plan has the right to reimbursement from, any monies that a covered person receives from or through any third party to the extent of Plan benefits paid or payable by the Plan on behalf of the covered person. The Plan's right to reimbursement, equitable lien and constructive trust extends to any covered person who is a participant or beneficiary under the Plan, including any individuals or entities

that may receive a recovery on behalf of a participant or beneficiary, such as the covered person 's spouse, parents, and dependents, heirs, estates, trusts, representatives, trustees, or guardians of the covered person including attorneys, representatives, agents, successors or assigns.

4.     First Priority / Rejection of Make Whole Doctrine: This assignment, right to subrogate, equitable lien by agreement, constructive trust, and right to reimbursement (hereinafter called "Rights of Recovery") applies on a first-dollar basis (i.e. has priority over other rights), applies whether the monies paid to (or for the benefit of) the Covered Person constitute a full or partial recovery, and even applies to funds actually or allegedly paid for non-medical or dental charges, attorney fees, expert fees, litigation expenses or other costs and expenses. As such, the Plan is entitled to its full lien and its full recovery of the total amount of benefits paid or payable, regardless of the amount of monies paid or awarded to you by the third party, even if those monies are less than the full amount which you do seek or could seek against the third party, regardless of whether the monies are or are described as for medical expenses, and regardless of how they are described or what they are for, and regardless of whether full compensation from the third party is obtained or available.  The Plan's Rights of Recovery shall be a prior lien against any proceeds recovered by any Covered Individuals, which right shall not be defeated or reduced by the application of any so called "Make Whole Doctrine," "Rimes Doctrine," or any other such doctrine purporting to defeat the Plan's recovery rights by allocating the proceeds exclusively to non-medical expenses damages. No reduction of the Plan's full right to recover the total amount of Plan benefits is effective without the Plan's written consent.

5.    Rejection of Common Fund Doctrine: The Plan's Rights of Recovery apply to any recovery by the covered person without regard to legal fees and expenses (including litigation expenses, expert fees. court costs) of the covered person. The covered person shall be solely responsible for paying all legal fees and expenses in connection with any recovery for the underlying injury, sickness, accident, or condition, and the Plan's recovery shall not be reduced

by such legal fees or expenses unless the Plan Administrator, in his or her sole discretion, agrees in writing to discount the plan's claim by an agreed-upon amount of such fees or expenses. The Plan specifically disavows any claims that a covered person may make under any federal or state common law including, but not limited to, the "Common Fund Doctrine", "Fund Doctrine" or "Attorney's Fund Doctrine:

6.    Obligation to Cooperate: The covered person as well as the covered person's dependent, attorney. representative or agent shall assist and cooperate with representatives the Plan designates, shall do everything necessary to enable the Plan to enforce its rights of subrogation and reimbursement, and shall do nothing to impair, release. discharge or prejudice the Plan's Rights of Recovery.

9. Set Aside of Funds: Unless and until the Plan has received reimbursement in full, no monies from or through any third party may be distributed to the covered person without the Plan's written consent and these monies are, to the extent of benefits paid or payable by the Plan on behalf of the covered person, assets of and debts owed to the Plan. The covered person agrees to hold in trust for the Plan's benefit that portion of the total recovery from any third party that is due for benefits paid or payable by the Plan on behalf of the covered person. The covered person shall reimburse the Plan immediately upon receipt of any recovery.

12.    Separation of Funds: Benefits paid by the Plan, funds recovered by the Participant(s), and funds held in trust over which the Plan has an equitable lien exist separately from the property and estate of the Participant(s), such that the death of the Participant(s), or filing of bankruptcy by the Participant(s), will not affect the Plan's equitable lien, the funds over which the Plan has a lien. or the Plan's right to subrogation and reimbursement.

17.    Upon information and belief, Defendants settled the personal injury

claim against the UPenn Defendants for $750,000.

18.    Upon information and belief Defendant/participant Hogan reviewed and signed the written settlement agreement with the UPenn Defendants, thus requiring him to satisfy the Fund's equitable lien by agreement.

19.    Upon information and belief, Defendant/participant Hogan signed the written settlement agreement upon the advice and counsel of Defendants/attorneys Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck and Defendant Brian Hall Esq.

20.    Defendants have failed to reimburse the Fund for medical benefits advanced by the Fund in the amount of $210,314.28.

21.    Defendants/attorneys Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck and Defendant Brian Hall Esq. has represented to the Fund that it is holding in trust the disputed amount of $210,314.28 thereby identifying the particular fund and a particular share of that fund to which the Fund is entitled.

22.    Upon information and belief, Defendant/participant Hogan was requested to execute a Subrogation and Reimbursement Agreement which reiterated the Fund's equitable lien by agreement and required them to reimburse the Fund on a first dollar, priority basis should Defendant/participant Hogan recover money from any source relating to the personal injury claim, however Hogan did not sign or return said Subrogation and Reimbursement Agreement.

23.    Fund counsel was in regular communication with Defendants/attorneys Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck and Defendant Brian Hall Esq.

during the course of this dispute and provided Defendants/attorneys Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck and Defendant Brian Hall Esq. with copies of all applicable Plan Documents including Plan Document and Summary Plan Description.

24.     Fund counsel advised Defendants/attorneys Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck and Defendant Brian Hall Esq.'s of the subrogation provisions in the Fund documents providing for reimbursement of the benefits that the Fund pays a Fund participant if any identifiable source is responsible for either the injuries or payments of the accident-related claim.

25.     The Fund has requested that Defendants comply with the express terms of the governing Fund documents and provide the Fund the full amount of the recovery out of identifiable funds held in Defendant/attorneys Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck and Defendant Brian Hall Esq. possession that were or are to be received as payment from a third party relating to Defendant/participant Hogan's injuries.

26.     Based on the provisions of ERISA and Fund's governing documents, the Fund is entitled to receive the reimbursement of $210,314.28 that the Fund paid as medical benefits from any recovery received by, or paid on behalf of Defendant/participant Hogan relating to accident(s) relative to this lawsuit.

27.     If Defendants fail to reimburse the Fund from any recovery received by, or paid on behalf of Defendant/participant Hogan relating to accident(s) relative to this lawsuit there will be a violation of the Fund's governing documents including the Fund's Plan Document and Summary Plan Description's third-party recovery, subrogation and reimbursement provisions.

## COUNT 1

### (Equitable Lien by Agreement and Constructive Trust)

28.     Plaintiff incorporates the allegations in paragraphs 1-31 of this Complaint as though set forth herein in their entirety.

29.     In accordance with Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Plaintiffs seek equitable relief against Defendants to enforce the express terms of the Fund's governing documents.

30.     Upon information and belief, Defendants are in actual or constructive possession of the settlement proceeds and are in possession of monies that as a matter of equity belong to the Funds.

31.     At all times relevant to this lawsuit Defendants had notice of their obligations and the Fund's rights pursuant to the Fund's Subrogation and Reimbursement provisions of the governing Fund Documents which specifically identifies a particular fund and a particular share of that fund to which the Fund is entitled to be reimbursed.

32.     Defendants have refused to confirm to Fund counsel that the Fund is entitled to, and will receive, reimbursement of sum of $210,314.28 that the Fund paid as medical benefits from Defendants settlement funds. This refusal represents a violation of the Fund's governing documents and ERISA.

33.     As a consequence of this refusal the Fund is entitled under Section 502(a)(3) of ERISA to obtain "other appropriate equitable relief" for equitable restitution in the form of a constructive trust or equitable lien by agreement with respect to the disputed funds that are held in Defendant's actual or constructive possession.

34.     Defendants must be ordered to reimburse the Fund for benefits paid from settlement monies in their actual or constructive possession in the amount of $210,314.28 representing the benefits paid by the Fund on Defendant Hogan's behalf thereby enforcing the express subrogation and reimbursement provisions of the Fund's governing documents and pursuant to ERISA § 502(a)(3).

**WHEREFORE**, IBEW Local 351 Welfare Fund and Fund Trustees seek the following relief:

A.     An order imposing either a constructive trust or equitable lien in favor of the Fund upon any settlement funds or property in Defendants' possession or under the Defendants' control;

12

B.      An order enjoining Defendants from dissipating any of the monies held in the actual or constructive possession until the Fund's rights may be adjudicated;

C.      An order enjoining the Defendants from transferring or disposing of any awarded funds which would prejudice or impair the Fund's ability to recover the awarded funds;

D.      An order awarding the Fund reasonable attorney fees and costs incurred herein pursuant to 29 U.S.C. §1132(g)(1); and

E.      Granting any such other equitable relief as the Court deems equitable and just.

## COUNT 2

### Declaratory Judgment

37.     Plaintiff incorporates the allegations in paragraphs 1-36 of this Complaint as though set forth herein in their entirety.

38.     The dispute set forth herein represents an actual controversy, ripe for adjudication, between the Fund and Defendants with regard to the proper interpretation and application of the Fund's Plan Document and Summary Plan Description, and whether or not ERISA compels the equitable relief sought by the Fund.

39.     Under 29 U.S.C. § 1132(a)(3) and 28 U.S.C. § 2201, the Fund brings this action seeking a declaration that the Fund's right to reimbursement is controlled by the terms of the Plan which require reimbursement in the full amount of $210,314.28 of medical benefits paid on behalf of Defendant Hogan.

40.     A declaration of rights, responsibilities and obligations for the Plan that the Defendants are required to determine the respective rights and obligations of the parties thereto. There is no adequate remedy other than through a declaratory judgment and the prompt resolution of this controversy through declaratory judgment in the interest of all parties.

**WHEREFORE**, IBEW Local 351 Welfare Fund and Fund Trustees seek the following relief:

1.     For a declaratory judgment to enforce the terms of the Plan document and the reimbursement rights of the Plan;

2.     For an order enforcing the equitable lien by agreement between the Fund and Defendants under which the Fund is entitled to 100% reimbursement of the $210,314.28 the Fund paid on behalf of Defendant Hogan;

3.     For the Funds' reasonable attorneys' fees and costs;

4.     Granting any such other equitable relief as the Court deems equitable and just.

14

**O'BRIEN, BELLAND & BUSHINSKY, LLC**
*Attorneys for Plaintiffs*


MARK E. BELLAND, ESQUIRE
STEVEN J. BUSHINSKY, ESQUIRE

Dated:  November 19, 2018